UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Shirley I. Brouillard,
    Claimant

    v.                                    Civil No. 07-cv-367-SM
                                                   Opinion No. 2008 DNH 134

Michael J. Astrue, Commissioner,
Social Security Administration
    Defendant

**O R D E R**

Pursuant to 42 U.S.C. § 405(g), Shirley Brouillard moves to reverse the Commissioner's decision denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (the "Act").  The Commissioner objects and moves for an order affirming his decision.  Because the Commissioner's decision fails to address claimant's obesity and its likely adverse impact on her ability to walk and climb stairs, and because it does not explain the basis for rejecting the medical opinions of one of claimant's treating physicians, the court concludes that it is appropriate to remand this matter to the Administrative Law Judge for further consideration.

**Factual Background**

I.  Procedural History.

On October 25, 2005, claimant filed an application for disability insurance benefits under Title II of the Act, alleging that she had been unable to work since September 24, 2005, due to right knee pain as a result of total right knee replacement, blindness in her right eye and compromised vision in her left eye, diabetes, and obesity.  Her application was denied and she requested a hearing before an Administrative Law Judge ("ALJ").

On February 5, 2006, claimant and her sister, Ellen Guimond,[1] appeared (and testified) before an ALJ, who considered claimant's application de novo.  On February 23, 2006, the ALJ issued her written decision, concluding that claimant retained the residual functional capacity to perform the physical and mental demands of sedentary work and, therefore, had the ability to perform her prior work as an assistant service manager. Accordingly, the ALJ concluded that claimant was not disabled, as

---

[1]   The correct spelling of this witness's name is unclear; the hearing transcript shows it as "Demond," the parties' Joint Statement of Material Facts shows its as "Desmond," and both the ALJ's decision and claimant's Disability Report, Admin. Rec. at 47, show it as "Guimond."

that term is defined in the Act, at any time prior to the date of the ALJ's decision.

Claimant then sought review of that decision by the Appeals Council, which denied her request.  Accordingly, the ALJ's denial of claimant's application for benefits became the final decision of the Commissioner, subject to judicial review.  Subsequently, claimant filed a timely action in this court, asserting that the ALJ's decision was not supported by substantial evidence. Claimant then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 9).  In response, the Commissioner filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 10).  Those motions are pending.

II. <u>Stipulated Facts</u>.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 11), need not be recounted in this opinion.  Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.  Properly Supported Findings by the ALJ are
    Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings of the Commissioner are conclusive if supported by substantial evidence.[2] See 42 U.S.C. §§ 405(g), 1383(c)(3); Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991). Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position. See Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by

---

[2]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).

substantial evidence."). See also Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222-23 (1st Cir. 1981).

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence. See Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984) (citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)). It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts." Irlanda Ortiz, 955 F.2d at 769 (citation omitted). Accordingly, the court will give deference to the ALJ's credibility determinations, particularly where those determinations are supported by specific findings. See Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192, 195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health & Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).

II. The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected

to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove that her impairments prevent her from performing her former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982)). Nevertheless, the claimant is not required to establish a doubt-free claim. The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence." See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

If the claimant has shown an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform. See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982). If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant. See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st

Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6. When determining whether a claimant is disabled, the ALJ is also required to make the following five inquiries:

> (1) whether the claimant is engaged in substantial gainful activity;
>
> (2) whether the claimant has a severe impairment;
>
> (3) whether the impairment meets or equals a listed impairment;
>
> (4) whether the impairment prevents the claimant from performing past relevant work; and
>
> (5) whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520. Ultimately, a claimant is disabled only if her:

7

>physical or mental impairment or impairments are of
>such severity that [she] is not only unable to do [her]
>previous work but cannot, considering [her] age,
>education, and work experience, engage in any other
>kind of substantial gainful work which exists in the
>national economy, regardless of whether such work
>exists in the immediate area in which [she] lives, or
>whether a specific job vacancy exists for [her], or
>whether [she] would be hired if [she] applied for work.

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm his decision.

**Discussion**

I.  <u>Background - The ALJ's Findings</u>.

In concluding that Ms. Brouillard was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  Accordingly, she first determined that claimant had not been engaged in substantial gainful employment since her alleged onset of disability, on September 24, 2005.  Next, she concluded that claimant suffers from the following severe impairments: "status-post total right knee replacement, right eye blindness, and diabetes mellitus."  Administrative Record

("Admin. Rec.") at 18. Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1. Admin. Rec. at 19.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to lift and carry a maximum of ten pounds occasionally and less than ten pounds frequently; to sit for at least six hours in an eight-hour workday; and to stand and walk for a maximum of two hours in an eight-hour workday.[3] Given those restrictions, the ALJ concluded that claimant retained the ability to perform the exertional demands of sedentary work and, therefore, could return to her prior job as an assistant service manager. Admin. Rec. at 22. Consequently, at step four of the

---

[2]   "RFC is what an individual can still do despite his or her functional limitations. RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis." Social Security Ruling ("SSR"), 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

sequential analysis, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, through the date of her decision.

II.  Challenges to the ALJ's Decision.

Claimant challenges the ALJ's determination that she was capable of performing the full range of sedentary work, asserting that the ALJ committed several errors.  The most persuasive of claimant's arguments is her assertion that the ALJ failed to recognize that her impairments, when viewed in combination, preclude her from engaging in any substantial gainful activity.  Claimant's memorandum (document no. 9-2) at 5.  See also Claimant's Reply Memorandum (document no. 13) at 2.  In particular, claimant asserts that the ALJ failed to discuss the effect that her obesity has on her ability to walk, stand, and climb stairs – particularly in light of her degenerative knee-joint disease.  The ALJ also neglected to address the opinions of one of claimant's treating sources – opinions which, if credited, suggest that claimant is totally disabled.

In November of 2006, claimant's orthopedic surgeon prepared a "Medical Source Statement of Ability to Do Work-Related

Activities (Physical)."  Admin. Rec. at 185-88.[4]  That report suggests, among other things, that claimant can lift *less* than ten pounds occasionally, stand and/or walk for less than two hours during a normal workday (and must alternate between standing and walking at 15 minute intervals); and can never climb stairs or ramps.  The latter finding is consistent with claimant's testimony that, for example, she must seek her landlord's assistance in getting her groceries up the stairs to her second floor apartment and must often climb those stairs backwards, "on [her] tush."  Admin. Rec. at 198-99.

Claimant's testimony and the opinions of her orthopedic surgeon are, however, dramatically at odds with the opinions expressed by the non-examining state agency physician (which were adopted by the ALJ).  Admin. Rec. at 174-83.  Among other things, the non-examining physician concluded that claimant could frequently lift 10 pounds; she could stand and/or walk for at least two hours during a normal workday; she had an "unlimited"

---

[4]     The signature on that document is illegible and the parties have not identified the doctor who completed that form.  See, e.g., Joint Statement of Material Facts at 5 (identifying the physician as simply "Plaintiff's orthopedic surgeon").  Because the signature does not appear to be that of Dr. Goumas, the court has assumed the report was prepared by Dr. Eric R. Benson, the orthopaedic surgeon with whom claimant had her first consultation in November of 2005.  See Admin. Rec. at 160.

ability to push and/or pull hand and foot controls (a conclusion which seems to overlook claimant's lower extremity limitations); and that claimant had no "visual limitations" (another finding at odds with the medical record, which reveals that claimant is completely blind in her right eye, requires substantial correction in her left eye, and claims to have difficulty reading printed material as well as information displayed on a computer monitor).

Despite the dramatic conflict between the opinions offered by claimant's orthopedic surgeon and the non-examining state agency physician, the ALJ adopted the latter without addressing the former. Admin. Rec. at 21. In discussing the weight that will be ascribed to the opinions of "treating sources," the pertinent regulations provide:

> Generally, we give more weight to opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairments(s) . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed [in this section] in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2).  <u>See also</u> Social Security Ruling, <u>Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions</u>, SSR 96-2p, 1996 WL 374188 (July 2, 1996) (noting that when the ALJ renders an adverse disability decision, his or her notice of decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight.").

Here, while the ALJ need not have accepted Dr. Goumas's opinion that claimant "is disabled and . . . can no longer work," Admin. Rec. at 102, she should have discussed her reasons for discounting the opinions set forth in the Medical Source Statement, Admin. Rec. at 185-88 – opinions that are consistent with claimant's testimony, her acknowledged severe impairments, and her obesity.  <u>Compare</u> 20 C.F.R. § 404.1527(e)(1) (discussing the weight to be ascribed to opinions on issues reserved to the Commissioner like, for example, opinions that a claimant is "disabled" or "unable to work"), <u>with</u> 20 C.F.R. § 404.1527(d) (discussing the weight to be ascribed to examining and treating

source opinions on medical issues, including a claimant's symptoms, diagnosis, prognosis, and physical limitations).  In concluding that claimant could perform the full range of sedentary work, the ALJ did not account for several of the exertional limitations from which claimant's orthopedic surgeon believes she suffers, nor did she adequately explain the basis for her (implicit) decision not to give controlling weight to those medical opinions.

Finally, because the court deems it appropriate to remand this matter and afford the ALJ the opportunity to consider and address the issues raised above, it probably bears noting that she should also address claimant's obesity and the extent, if any, to which it affects her residual functional capacity to perform sedentary work.  As one of the Social Security Rulings points out:

> [W]e consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability.  The provisions also remind adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately.  They also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity.

Social Security Ruling, <u>Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity</u>, SSR 02-01p, 2000 WL 628049 (Sept. 12, 2002) at *1.

## Conclusion

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 9) is granted to the extent she seeks a remand to the ALJ for further proceedings. The Commissioner's motion to affirm his decision (document no. 10) is denied.

Pursuant to Sentence Four of 42 U.S.C. § 405(g), this matter is hereby remanded to the ALJ for further proceedings consistent with this order. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 6, 2008

cc:   Raymond J. Kelly, Esq.
      Robert J. Rabuck, Esq.